IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-72,915-02



EX PARTE KENNETH TERRELL WATKINS, Applicant



ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 241-1113-08-B IN THE 241ST JUDICIAL DISTRICT COURT
FROM SMITH COUNTY



           Per curiam.
                                                              O R D E R
 
Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of
the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte Young,
418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to possession of a controlled
substance in a drug-free zone, and originally received ten years’ deferred adjudication community
supervision. His guilt was later adjudicated, and he was sentenced to five years’ imprisonment. He
did not appeal his conviction.
            Applicant contends that his trial counsel rendered ineffective assistance because he told him
he “had to sign for 5 years,” and advised Applicant incorrectly as to the nature and consequences of
his plea. Applicant’s counsel has provided an affidavit which responds only generally to Applicant’s
allegations, and does not indicate whether he correctly advised Applicant as to the nature and
consequences of the plea. Furthermore, counsel’s affidavit, the plea documents, and the trial court’s
findings of fact and conclusions of law all reflect that Applicant was advised that he was pleading
guilty to a second degree felony. In fact, the offense as charged was a third degree felony with the
drug-free zone allegation having the effect of increasing the minimum sentence and the potential
fine, but not of enhancing the punishment range to that of a second degree felony, as Applicant was
admonished. There is nothing in the written admonishments or plea documents to show whether
Applicant was advised at the time of his original plea what the consequences might be if he were
later adjudicated guilty.
            Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall obtain another affidavit from trial counsel to specifically address Applicant’s habeas
allegations. The trial court may also use any means set out in Tex. Code Crim. Proc. art. 11.07,
§ 3(d). 
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall make findings of fact as to why Applicant was admonished as to the
punishment range for a second degree felony, in light of the offense charged in the indictment. The
trial court shall supplement the record with any documents reflecting that Applicant was advised as
to the correct range of punishment for the offense as charged, and whether Applicant was advised
as to the consequences of a later adjudication of guilt when he entered his original plea. The trial
court shall also make findings as to whether counsel investigated the facts of the offense and
discussed them with Applicant prior to the entry of the plea. The trial court shall make findings as
to whether counsel advised Applicant of his right to a jury trial. The trial court shall also make
findings as to whether counsel ever told Applicant that he could get the charge reduced to a
misdemeanor, or that he could get the drug-free zone allegation removed from the judgment and
sentence. The trial court shall make findings as to whether the drug-free zone allegation was
dropped when Applicant’s guilt was adjudicated, and if not, why Applicant was given a sentence
lower than the minimum for a third degree felony with a drug-free zone allegation. The trial court
shall make findings as to whether the performance of Applicant’s trial attorney was deficient and,
if so, whether counsel’s deficient performance prejudiced Applicant. The trial court shall also make
any other findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant’s claim for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: March 31, 2010 
Do not publish